UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANE KINGSLEY,

    Plaintiff,

v().                                                    Case No:  6:12-cv-500-Orl-22TBS

JOHN GERARD NOONAN,

    Defendant.
_____

ORDER

Pending before the Court is the parties' Joint Motion for Approval of Settlement Agreement.  (Doc. 18).  The parties seek the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") claims. As explained below, I have determined that I cannot offer a recommendation to the District Judge that the settlement agreement be approved.  However, rather than recommend that the District Judge reject the parties' proposed settlement outright, I will outline my concerns and provide the parties an opportunity to file a revised proposed settlement agreement on or before August 16, 2012.

I. Background

On March 7, 2012, Plaintiff Diane Kingsley filed an action in state court against her former employer, "John Gerard Noonan as duly appointed Diocesan Administrator for the Diocese of Orlando, his successors and successor Bishops in Office, a corporation sole." (Doc. 2).  Plaintiff sued for unpaid overtime compensation and liquidated damages, pursuant to the FLSA.  The case was removed to federal court on April 2, 2012.  (Doc. 1).

Plaintiff alleges she was employed as a secretary at the Our Savior School in

Cocoa Beach, which was operated by Defendant. (Doc. 2 ¶¶ 4, 18). Plaintiff further alleges she was misclassified as a salaried exempt employee and that she "worked over 40 hours one or more workweeks without being compensated overtime." (Id. ¶ 26); (Doc. 18 ¶ 1). Defendant admits he employed Plaintiff at the school, but denies the remainder of her allegations. (Doc. 5). On July 19, 2012, the parties advised the Court that they have reached an agreement to resolve their dispute. (Doc. 18).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

According to the parties' settlement agreement, Defendant has promised to pay and Plaintiff has agreed to accept a total of $7,420, to be disbursed as follows: $3,210 ("less required deductions") as compensation for unpaid overtime compensation at a halftime rate, $3,210 as liquidated damages, and $1,000 in exchange for a general release. (Doc. 18 at 2); (Doc. 18-1 at 2). In her answers to interrogatories, Plaintiff made alternative damage claims;

> Three year statute of limitations/Time and One Half: 770 OT hours x 12.51 OT Rate = $9,632.70 in unpaid overtime and an additional equal amount in liquidated damages
>
> Three year statute of limitations/Halftime: 770 OT hours x $4.17 OT Rate = $3,210.90 in unpaid overtime and an additional equal amount in liquidated damages
>
> Two year statute of limitations/Time and One Half: 440 OT hours x $12.51 OT Rate = $5,504.40 in unpaid overtime and an additional equal amount in liquidated damages
>
> Two year statute of limitations/Halftime: 440 OT hours x $4.16 OT Rate = $1,830.40 in unpaid overtime and an additional equal amount in liquidated damages

(Doc. 14-1 at 2). As the parties acknowledge—and as is evident from the interrogatory answers reproduced above—the settlement amount represents "the maximum amounts recoverable based on a three-year statute of limitations and the half-time method of calculating overtime." (Doc. 18 at 2). In their joint motion, the parties have advised the Court that (a) the settlement agreement was negotiated on behalf of each party by experienced counsel who protected the rights of the parties, and (b) the settlement reflects a reasonable compromise of a bona fide dispute between the parties with respect to liability and damages under the FLSA. (Id. at 2, 4); (Doc. 18-1 at 1). Upon due consideration, I find that the settlement amount is fair and reasonable. However,

the Court's assessment of the fairness of the settlement agreement, as a whole, is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). The Court has reviewed the terms of the settlement agreement within the framework set by these cases and their progeny and has concluded that the confidentiality clause offends the principles of the FLSA.

Paragraph 5 of the parties' settlement agreement prohibits either party from disclosing the terms of the agreement to "anyone other than: (1) members of [Plaintiff's] immediate family; (2) her attorneys; (3) her tax consultants, or (4) as required by law." (Doc. 18-1 at 3-4). Pursuant to the parties' own settlement agreement[1] and the principles outlined in Dees, Saunders, Hogan, and Valdez, this Court finds that the inclusion of this clause renders the entire settlement agreement unenforceable. District courts within the Eleventh Circuit have uniformly rejected confidentiality provisions of FLSA settlement agreements and found them to be in contravention to the purpose of the FLSA. Dees, 706 F. Supp. 2d at 1242-43 ("A confidentially provision in an FLSA settlement agreement both contravenes the

---

[1]The Settlement Agreement does not provide for the severance of a provision at the district court review stage. Rather, according to the parties' own agreement, the district court's rejection of "any portion" of the agreement dissolves the entire agreement. Specifically, the severance clause provides that:

> If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect. **This Paragraph 11 does not apply to a failure of the Court to approve any portion of this Agreement as referenced in Paragraph 3, which will render this Agreement dissolved unless the Parties, through their attorneys, mutually agree in writing to accept the partial approval of the Agreement.**

(Doc. 18-1 at 6) (emphasis added).

legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); see also Saunders v. Daytona Beach Kennel Club, Inc., Case No: 6:11-cv-1117-Orl-TBS, 2012 U.S. Dist. LEXIS 104773, at *4-5 (M.D. Fla. July 27, 2012); Hogan v. Allstate Bev. Co., 821 F. Supp. 2d 1274, 1282 (M.D. Fla. 2011) ("The court finds that the purported settlement's confidentiality provision and its pervasive waiver are unfair under the FLSA."); Valdez v. T.A.S.O. Props., No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at * 3-4 (M.D. Fla. April 28, 2010).

Relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009), the parties invite the Court to approve their fee provision on the grounds that it was "negotiated separately and apart from the Plaintiff's claims[.]"  (Doc. 18 at 2, 8). As was explained in Correa v. Laiton, "the methods applied in Bonneti ha[ve] not been adopted for Chief Judge Conway's FLSA cases, who continues to apply the lodestar analysis."  Case No. 6:09-cv-737-Orl-22DAB, 2009 U.S. Dist. LEXIS 131110, at *4-5 (M.D. Fla. Nov. 23, 2009) (citing Natera v. Mastercorp of Tennessee, Case No. 6:08-cv-2088-Orl-22DAB, 2009 U.S. Dist. LEXIS 76617 (M.D. Fla. Aug. 26, 2009) (Conway, C.J.)).  The Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  Counsel has failed to provide the Court with a record of hours expended on this case or a reasonable fee rate.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 2, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record