UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANE KINGSLEY,

    Plaintiff,

v.                                Case No: 6:12-cv-500-Orl-22TBS

JOHN GERARD NOONAN,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is a Joint Motion for Approval of FLSA Settlement Agreement. (Doc. 25). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq claims. Based on my examination of the motion, the Notice of Acceptance of Offer of Judgment (Doc. 24), and the Settlement Agreement (Doc. 24-1), and for the reasons set forth herein, I respectfully recommend that the motion be GRANTED.

### I. Background

On March 7, 2012, Plaintiff Diane Kingsley filed an action in state court against her former employer, "John Gerard Noonan as duly appointed Diocesan Administrator for the Diocese of Orlando, his successors and successor Bishops in Office, a corporation sole." (Doc. 2). Plaintiff sued for unpaid overtime compensation and liquidated damages, pursuant to the FLSA. The case was removed to federal court on April 2, 2012. (Doc. 1). Plaintiff alleges she was employed as a secretary at the Our Savior School in Cocoa

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Beach, which was operated by Defendant. (Doc. 2 ¶¶ 4, 18). Plaintiff further alleges that she was misclassified as a salaried exempt employee and that she "worked over 40 hours one or more workweeks without being compensated overtime." (Id. ¶ 26); (Doc. 18 ¶ 1). Defendant admits he employed Plaintiff at the school, but denies the remainder of her allegations. (Doc. 5). On July 19, 2012, the parties advised the Court that they have reached an agreement to resolve their dispute. (Doc. 18). On August 2, 2012, I informed the parties that I could not recommend their settlement agreement be approved because the confidentiality clause offended the principles of the FLSA. See (Doc. 19 at 4-5) (citing Dees v. Hydradry, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("A confidentially provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.")).[2]

    That same day, Plaintiff notified the Court of her intent to proceed to trial. (Doc. 20). On August 28, 2012, the district judge entered a case management and scheduling order in this case. (Doc. 23). The parties changed course and on August 31, 2012 Plaintiff filed a notice of acceptance of offer of judgment with the Court. (Doc. 24). On September 4, 2012, the parties renewed their joint motion to approve their settlement agreement, but failed to attach a copy of the agreement to the motion. (Doc. 25). On September 10, 2012, I granted the parties leave to supplement their motion with a copy of

---

[2] I also advised the parties that they needed to supplement their request for attorney's fees with a record of hours expended on this case and a reasonable fee rate. (Doc. 19 at 5).

their settlement agreement. (Doc. 26). On September 11, 2012, Plaintiff filed a Motion for Clarification in which she stated that that it was the parties' intention to be governed by the settlement agreement at docket entry 24-1. See (Doc. 27). For the sake of time and in the interest conserving judicial resources, the court will evaluate the settlement agreement at docket entry 24-1 ("Settlement Agreement") even though it was not properly attached to the parties' joint motion.

## II. Discussion

### A. Plaintiff's Claims

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

The parties have advised the Court that (a) their settlement agreement was negotiated on behalf of each party by experienced counsel who protected the rights of the parties, and (b) the settlement reflects a reasonable compromise of a bona fide dispute between the parties with respect to liability and damages under the FLSA. (Doc. 25 at 5-6). However, Plaintiff insists that the Court must forego the judicial scrutiny required under Lynn's Foods and enter judgment in her favor pursuant to Federal Rule of Civil Procedure 68(a).[3] (Docs. 24 and 27). She relies on Mackenzie v. Kindred Hosp. E., in which a district judge in this jurisdiction found that because Rule 68 "contain[ed] no exclusion that precludes its application in a FLSA case[,] . . . [it] is an acceptable method of resolving a case brought pursuant to the FLSA." 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003).

Mackenzie is distinguishable because the plaintiff in that case received full compensation on his claim and the case did not involve a compromise under Lynn's Food. Id. at 1217 ("Lynn's Food Stores addressed judicial oversight of 'compromises' of FLSA claims . . . since the Plaintiff has been offered full compensation on his claim, the case does not involve a compromise."); see Marcucci v. Stefano's Trattoria, Inc., Case No. 6:12-cv-440-Orl-19GJK, 2012 U.S. Dist. LEXIS 104413, at *7-8 (M.D. Fla. July 3, 2012) (The court cited Mackenzie for the proposition that "where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial

---

[3] Federal Rule of Civil Procedure 68(a) provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

- 4 -

approval is not required."); Decaire v. Devereaux Found., Inc., Case No. 6:11-cv-266-Orl-31GJK, 2011 U.S. Dist. LEXIS 99807, at *1 (M.D. Fla. Sept. 6, 2011) ("[T]here have been no 'compromise' of the Plaintiff's claim, and therefore there is no need for judicial oversight of the settlement agreement."); Mackey v. L.T.D. Am. Total Care, Inc., Case No. 6:08-cv-797-Orl-22KRS, 2008 U.S. Dist. LEXIS 115651, at *1-2 (M.D. Fla. Dec. 9, 2008) ("As the parties represent that Plaintiff has received full relief and that there's no compromise of her claims under the Fair Labor Standards Act, no approval of the settlement is required pursuant to Lynn's Food [.]").

Here, the parties concede (Doc. 25 at 2), their settlement agreement represents a *reasonable compromise* of Plaintiff's FLSA claim. In her answers to the Court's interrogatories, Plaintiff made alternative damage claims;

> Three year statute of limitations/Time and One Half: 770 OT hours x 12.51 OT Rate = $9,632.70 in unpaid overtime and an additional equal amount in liquidated damages
>
> Three year statute of limitations/Halftime: 770 OT hours x $4.17 OT Rate = $3,210.90 in unpaid overtime and an additional equal amount in liquidated damages
>
> Two year statute of limitations/Time and One Half: 440 OT hours x $12.51 OT Rate = $5,504.40 in unpaid overtime and an additional equal amount in liquidated damages
>
> Two year statute of limitations/Halftime: 440 OT hours x $4.16 OT Rate = $1,830.40 in unpaid overtime and an additional equal amount in liquidated damages

(Doc. 14-1 at 2). In the parties' settlement agreement, Defendant promises to pay and Plaintiff agrees to accept a total of $6,420, to be disbursed as follows: $3,210 ("less required deductions") as compensation for unpaid overtime compensation at a halftime

rate and $3,210 as liquidated damages. (Doc. 24; Doc. 24-1 at 6).  The parties acknowledge—and as is evident from the interrogatory answers reproduced above—the settlement amount represents "the maximum amounts recoverable based on a three-year statute of limitations and the half-time method of calculating overtime."  (Doc. 25 at 2).  The parties also acknowledge that "a central dispute in this case is [ ] the method of calculating any overtime owed."  (Doc.  25 at 7).  By entering this settlement agreement, Plaintiff agreed to compromise or abandon her "Three year statute of limitations/Time and One Half" and "Two year statute of limitations/Time and One Half" damage claims that were potentially worth $9,632.70 and $5,504.40, respectively, (excluding liquidated damages).

Upon due consideration, I respectfully recommend that the parties' FLSA settlement agreement be approved, pursuant to Lynn's Foods.  The parties are advised that the settlement agreement is not final and enforceable until such time as it is approved by the district court.

### B. Attorney's Fees

Relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. FLA. 2009), the parties invite the Court to approve their attorneys' fee provision on the ground that it was "negotiated separately and apart from the Plaintiff's claims[.]"  (Doc. 25 at 2).  As explained in Correa v. Laiton, "the methods applied in Bonneti ha[ve] not been adopted for Chief Judge Conway's FLSA cases, who continues to apply the lodestar analysis." Case No. 6:09-cv-737-Orl-22DAB, 2009 U.S. Dist. LEXIS 131110, at *4-5 (M.D. FLA. Nov. 23, 2009) (citing Natera v. Mastercorp of Tennessee, Case No. 6:08-cv-2088-Orl-22DAB, 2009 U.S. Dist. LEXIS 76617 (M.D. Fla. Aug. 26, 2009) (Conway, C.J.)).  The Court must

determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.  <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).  Counsel has failed to provide the Court with a record of hours expended on this case or a reasonable fee rate. Upon due consideration, I respectfully recommend that the district court allow counsel fourteen (14) days to supplement the attorney fee provision.

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' proposed settlement agreement is a fair and reasonable compromise of a bona fide dispute and **respectfully recommend** that:

1. The parties' Joint Motion for Approval of FLSA Settlement (Doc. 25) be **GRANTED** and the Settlement Agreement (Doc. 24-1) be **APPROVED** by the district court as to the parties to this action.
2. Counsel be given fourteen (14) days to supplement the attorney fee agreement.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 20, 2012.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Presiding District Judge
Counsel of Record