# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANE KINGSLEY,**

                **Plaintiff,**

**-vs-**                                           **Case No.  6:12-cv-500-Orl-22TBS**

**JOHN GERARD NOONAN,**

                **Defendant.**

_____

## ORDER

This cause is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. No. 25), filed on September 4, 2012.  The United States Magistrate Judge has submitted a report recommending that the Motion be granted.  Plaintiff has objected to the report and recommendation.

Plaintiff executed a settlement agreement expressly acknowledging that the settlement was subject to Court approval, then accepted an offer of judgment expressly contingent on Court approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), then signed and submitted a joint motion specifically asking the Court to approve the settlement per *Lynn's Food*. Nevertheless, Plaintiff's attorneys object to the Magistrate Judge having done the very thing the parties asked him to do via their joint motion:  evaluate the proposed settlement for fairness under *Lynn's Food*.

The Court rejects Plaintiff's argument that the fact that the settlement was effectuated through an offer of judgment made pursuant to Fed. R. Civ. P. 68 insulates the settlement from fairness scrutiny. On at least two prior occasions, the undersigned judge has adopted a magistrate judge's report determining that *Lynn's Food* applies even when settlements result from a plaintiff's acceptance of a Rule 68 offer of judgment. *See Dowell v. Kidz R 4 Uz, Inc.*, Case No. 6:08-cv-651-Orl-22KRS, Doc. No. 45, 2009 WL 113284 (M.D. Fla. Jan. 16, 2009) (order adopting report recommending finding that acceptance of a Rule 68 offer of judgment in FLSA case does not relieve court of obligation to make *Lynn's Food* fairness determination); *Delgado v. Excel One, Inc.*, Case No. 6:07-cv-1934-Orl-22GJK, Doc. No. 41, 2009 WL1456452 (M.D. Fla. May 22, 2009) (order adopting report recognizing that *Lynn's Food* analysis applied to settlement resulting from acceptance of Rule 68 offer of judgment). The undersigned judge continues to adhere to that view. Moreover, Plaintiff's reliance on *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003), is misplaced. As the Magistrate Judge notes, *Mackenzie* is inapposite since that case involved full compensation rather than, as here, a compromise. *Mackenzie*, 276 F. Supp. 2d at 1217 ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.") Hence, the present settlement is subject to *Lynn's Food* analysis. Having examined the parties' settlement, the Court agrees with the Magistrate Judge that it is fair and reasonable.

Regarding the attorneys' fees and costs component of the parties' settlement, the undersigned judge has independently reviewed the claimed amounts of $5,400.00 and $573.48, respectively, and deems them reasonable given the circumstances of this case.

Accordingly, after an independent *de novo* review of the record in this matter, including the objections filed by the Plaintiff, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.  Therefore, it is **ORDERED** as follows:

1.    The Report and Recommendation filed September 20, 2012 (Doc. No. 28), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2.    The Joint Motion for Approval of FLSA Settlement Agreement (Doc. No. 25), filed on September 4, 2012, is **GRANTED**.

3.    Plaintiff's Motion for Clarification (Doc. No. 27), filed on September 11, 2012, is **DENIED.**

4.    The Clerk shall enter a final judgment providing that the Plaintiff, Diane Kingsley, shall recover the sum of $6,420.00, along with attorneys' fees in the amount of $5,400.00 and costs in the sum of $573.48, for a total of $12,393.48, from the Defendant, John Gerard Noonan.

5.    The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 31, 2012.

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge